## No. XII.

### HARVEY, MARY ET AL. V. JNO. T. PATTERSON ET AL.

*Motion to dismiss.*

HEMPHILL, JUSTICE.—This cause came up for argument on a motion to dismiss the appeal on the following grounds, viz:

First. There was no notice of appeal in the cause given either to the defendants or their counsel.

Second. Because there is no appeal bond filed in this court or in the court below.

It seems that the appellants are persons of color, and after the decision of this case in the court below, it appears from the statement of the counsel of the appellants, though not certified in the record, that Mary, one of the plaintiffs, offered in open court and before the clerk thereof, to

441; Scott v. Benton, 6 T., 322; Hancock v. Metz, 7 T., 177; Bradshaw v. Davis, 8 T., 344; Fitzgerald v. Fitzgerald, 21 T., 415; Martin v. Wade, 22 T., 224; Holt v. Wood, 23 T., 474; Green v. Banks, 24 T., 522; Neyland v. White, 25 T., 319; Patterson v. Hall, 30 T., 464; I. & G. N. Ry. Co. v. Smith County, 58 T., 74; Eastham v. Sallis, 60 T., 576; American, etc., Co. v. City of Crockett (T. C. A.), U. R. C., 1899. (b) Overruling motion to quash writs of certiorari and attachment. Messner v. Lewis, 17 T., 519; Hamman v. Lewis, 34 T., 474; Holek v. Varona, 63 T., 65. (c) Quashing writ of sequestration. Little

take an oath that the plaintiffs were too poor to pay the fees, and too friendless and humble to be able to give any bond and security for costs; and that the clerk, under the sanction of the court, refused to receive the said oath. It was contended by appellants' counsel that if the said Mary had been permitted to take the said oath, the plaintiffs would have been entitled, under the twentieth section of an act organizing the district courts, to prosecute their appeal without giving the bond and security required by the fifteenth section of the said act.

It was argued in opposition that the plaintiffs being persons of color were, by the twenty-sixth section of said act, prevented from taking an oath in any case where a white person was concerned; and had the oath been taken, the appellants would not have thereby been exempted from giving the bond and security required by law in cases of appeals. The act in express terms exempts the person taking the oath from being charged with the costs of suit and the fees of counsel, but does not relieve a party appellant from giving the usual appeal bond. This right can not be extended to an appellant under this provision of the statute, unless by a looseness of construction which seems rather the assumption of legislative than the proper exercise of judicial power. The court are of opinion, without examining the other grounds in the case, that the appeal can not be prosecuted, unless the bond and security required by law is given, and it is therefore ordered and decreed that the same be dismissed.

*Dismissed.*